UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TAVORIS WOODS and<br>DIANNE WILSON,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF BIRMINGHAM, ALABAMA,<br>et al.,<br><br>    Defendants. | ]<br>]<br>]<br>]<br>]<br>]<br>]   CV-07-BE-1496-S<br>]<br>]<br>]<br>]<br>] |

## MEMORANDUM OPINION

This matter is before the court on Plaintiffs' "Motion for Award of Attorney's Fees and Costs" (doc. 75) and "Plaintiffs' Second Motion for Award of Attorney's Fees and Costs" (doc. 78). Filed after the Amended Final Order *Nunc Pro Tunc* (doc. 77), the second motion is, in effect, simply a renewal of the first motion. In support of their motions, Plaintiffs have filed various exhibits, including time records and the affidavits of Henry Penick, Tiara S. Young, and Samuel Fisher. Defendant Bell has responded to the second motion for attorney's fees (doc.79), asking the court to deny the request in light of Bell's inability to pay and the City's unwillingness to indemnify Bell, but cites no authority that the court should consider such unsupported allegations. For the reasons stated in this Memorandum Opinion, the court will GRANT IN PART and DENY IN PART Plaintiffs' motions.

### Motion for Attorney's Fees

Plaintiffs seek recovery of their attorneys' fees under 42 U.S.C. § 2000e-5(k), which

provides that "the court, in its discretion, may allow the prevailing party. . .a reasonable attorney's fee as part of the costs. . . ."  The Supreme Court of the United States has explained that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Gelgemoe*, 581 F.2d 275, 278-179 (1st Cir. 1978)); *see Texas State Teachers Ass'n*, 489 U.S. 782, 782-83 (1989).   The Court has further stated that to reach "prevailing party" status, the "plaintiff must obtain an enforceable judgment against the defendant from whom fees are sought."  *Farrar v. Hobby*, 506 U.S. 103, 111 (1992).  Applying this guidance, the court finds that Plaintiff Woods's enforceable judgment against Defendant Bell in the aggregate amount of $20,000.00, in accordance with the jury verdict in his favor, entitles him to "prevailing party" status.  Further, the court finds that Plaintiff Wilson's enforceable judgment against Defendant Bell in the aggregate amount of $10,000.00, in accordance with the jury verdict in her favor, entitles her to "prevailing party" status.

Having determined that both Plaintiffs are prevailing parties within the meaning of  42 U.S.C. § 2000e-5(k), the court must next evaluate the reasonableness of the fee requested.  The "starting point" in the objective determination of the value of lawyers' services is to calculate a "lodestar" figure, that is  "to multiply hours reasonably expended by a reasonable hourly rate." *Norman v. The Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citing *Hensley*, 461 U.S. at 433).

### A.  Reasonable Hourly Rate

Thus, the court begins by examining the requested hourly rates.  "A reasonable hourly

rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)). The burden of producing satisfactory evidence that the rates proffered coincide with prevailing market rates rests upon the petitioner. *Norman,* 836 F.2d at 1303; *NAACP v. City of Evergreen*, 812 F.2d 1332, 1338 (1987).

To meet that burden, a petitioner must offer "more than the affidavit of the attorney performing the work." *Norman*, 836 F.2d at 1299. Satisfactory evidence would "speak to rates actually billed and paid in similar lawsuits" and can be adduced through either opinion evidence or direct evidence of lawyers' fees charged in similar cases. *Id*. The relevant legal community is the community in which the district court sits, which would be the Northern District of Alabama in this case. *See Turner v. Sec'y of Air Force*, 944 F.2d 804, 809 (11th Cir. 1991) (stating that the relevant market rate was the customary fee in the locality in which the district court sits, and not the national market rate); *Knight v. State of Alabama*, 824 F. Supp. 1022, 1027 n. 1 (N.D. Ala. 1993)("The relevant legal community is the area in which the court sits, which in this case is the Northern District of Alabama."). The district court has discretion to "interpolate the reasonable rate based upon an analysis of the skills enumerated . . . which were exhibited by the attorney in the case at bar," and the market rates in the relevant community; where the submissions regarding reasonable rates are inadequate, the court may rely on its own expertise. *Norman*, 836 F.2d at 1301 & 1304; *see Natco Ltd. Partnership v. Moran Towing of Fla., Inc.*, 267 F.3d 1190, 1196 (11th Cir. 2001) (stating that the district court has discretion in determining the amount of attorney's fees awarded); *Dumas v. Tyson Foods, Inc.*, 139 F. Supp. 2d 1243, (N.D. Ala. 2001) (adjusting attorney fee hourly rates based upon such factors as experience,

similar rates that the court had previously awarded, the existence of a contingency fee contract, and other *Johnson* factors).

In the instant case, Henry Penick seeks to recover attorney's fees based on anhourly rate of $450.00 per hour.  In his supporting affidavit, Mr. Penick states that he has spent over 29 years practicing law.  He spends over 50 percent of his time litigating civil rights cases and has been counsel for over 300 civil rights cases throughout his career, at least 50 of which were excessive force cases.  The affidavit of Samuel Fisher, an attorney currently practicing in the Northern District of Alabama who is a founding member and past president of the Magic City Civil Rights Bar Association, states that the prevailing market rate in Alabama for cases such as this one ranges from $175.00 to $540.00 per hour and that $450.00 per hour is "reasonable and commensurate with the local market rate for attorneys with comparable experience and expertise...." (doc. 76, at 3).

This court disagrees that an hourly rate of $450 is reasonable for Mr. Penick's time in this particular case.  In making a determination regarding reasonable hourly rates for attorneys, the court is guided by its own expertise regarding market rates in this area, the experience and skill of the attorney in question, the information submitted by the exhibits and affidavits, and the recent awards of attorney fees determined by courts sitting in the Northern District of Alabama, including this court's recent award of attorney fees in *Tarver v. Southern Defense Systems,* CV-07-1570.  In the *Tarver* case, for example, the court found that an hourly rate of $280 was reasonable for an attorney with three-and-a-half decades of experience and that an hourly rate of $240 was reasonable for an attorney with over two decades of experience. The court notes that the instant case was not particularly complex.  In this case, the court finds, in its discretion, that

$250 is a reasonable hourly rate for an attorney of experience and expertise commensurate with that of Mr. Penick, practicing in the Northern District of Alabama.

In addition to Mr. Penick's request, attorney Tiara S. Young also seeks attorney's fees, asserting her entitlement to an hourly rate of $300.00. Her supporting affidavit states that she has been practicing law since 2006 and has assisted in three civil rights cases. Mr. Fisher attests that Ms. Young's requested hourly rate is not unreasonable under the circumstances. The court disagrees. Once again, in the *Tarver* case, the court found that a fee of $125-$160 an hour was reasonable for an attorney whose experience ranged from two-and-a-half to seven years for work performed during the years 2005 through 2009, and that $140 an hour was reasonable for an attorney with two years of experience for work performed in 2007. Based on the court's own expertise regarding market rates in this area, the expertise of the attorney in question, the recent awards of attorney fees determined by courts sitting in the Northern District of Alabama, and the information attached to the petition, the court finds, in its discretion, that $150.00 is a reasonable hourly rate.

### B. Reasonable Hours Expended

The next step in computing the lodestar figure is to establish the number of hours reasonably expended. *Hensley,* 461 U.S. at 433. The Supreme Court requires a petitioner to exercise "billing judgment" in the hours submitted; "[h]ours not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority." *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (1980) (en banc) (emphasis in original)). However, if the petitioner submits hours that "are excessive, redundant, or otherwise unnecessary," the court should reduce the number of hours accordingly. *Id.* at 434. The

decision about what hours are reasonably necessary "must be left to the discretion of the court," but if the court disallows fees for work performed, it must explain which hours are disallowed and why they are improper. *Norman*, 836 F.2d at 1304. The court should evaluate the time and labor required to litigate the matter as well as the skill and experience of the attorneys. *Simpleville Music v. Mizell*, 411 F. Supp. 2d 1158, 1163 (M.D. Ala. 2007) (citing *Johnson*, 488 F.2d at 718).

   *1. Mr. Penick's Time*

In the instant case, Mr. Penick attached time records totaling 178 hours over a period of two years and three months. Because neither a client nor an adversary should pay for time expended to address or rectify an attorney's mistakes, the court will exclude time billed for Mr. Penick's mistakes that resulted in Orders to Show Cause, a Motion to Compel, a Motion for Sanctions, Dismissal of the case, and Reinstatement of the case. Further, the court will exclude billings for time preparing documents that the attorney never filed, and for excessive time spent on this fee petition. Regarding the time recorded on jury charges, over 11 hours, the court notes that the requested charges followed the pattern jury charges from this court and Circuit; that the court was required to do more work than usual to revise the jury charges submitted to fit this particular case; and that the submission to the court was certainly not reflective of over 11 hours of work. Therefore, the court will reduce the time recoverable for work on jury charges to 2 hours. In sum, the court finds that the following hours are redundant, excessive, unnecessary or otherwise not properly billed:

   *   Time spent to rectify attorney mistakes or inattention:
       - 11/15/2007    Read Show Cause Order                    .1
       - 11/19/2007    Prepared Response to Show Cause Order    .5
       - 4/28/2007     Read Order on Motion to Compel           .1

- •     5/13/2008      Prepared Motion to Reinstate      1.0
- •     5/13/2008      Read Order Dismissing Case      1.0
- •     5/13/2008      Read Motion for Sanctions      .2
- •     5/13/2008      Read Order Dismissing Case      .1
- •     5/13/2008      Prepared Motion to Reinstate      1.0
- •     5/13/2008      Read Motion for Sanctions      .2
- •     6/25/2008      Read Order re Reopening Case      .1
- •     5/29/2008      Attended Hearing on Motion to Reinstate      .5
- •     6/19/2008      Prepared Second Motion to Reinstate      1.0
- •     8/13/2009      Read Show Cause Order      .1
- •     8/18/2009      Prepared and Filed Response Show Cause      <u>1.0</u>

                              Total Hours - Mistake/Inattention      **6.9** hours

\*     Time billed for Summary Judgment response but no response filed
- •     11/10/2008      Read Motion for SJ and Researched      2.0
- •     11/11/2008      Researched Summary Judgment Response      2.0

                              ___

                              **4.0** hours

\*     Time billed for motion for sanctions never filed
- •     11/12/2008      Researched and filed Motions for Sanctions      **2.0** hours

\*     Time billed for work on jury charges

       (Pattern jury charges were available for excessive force)
- •     8/4/2009      Went to law library to research pattern jury charges      0.7
- •     8/5/2009      Read Pattern Jury Instructions and annotations      1.0
- •     9/6/2009      Worked on jury charges      3.0
- •     9/7/2009      Researched and worked on jury charges      3.0
- •     9/8/2009      Revised Jury Charges Special Interrogatories Voir Dire Questions and Exhibits List (Penick billed 5 hours for this entry and the court attributes 1 hour to jury charges)      1.0
- •     9/9/2009      Revised Jury Charges Interrogatories, Voir Dire Questions, Filed and E-mailed Revised Exhibits List (Penick billed 4 hours for the time entry and the court attributes 1 hour to jury charges)      1.0
- •     9/10/2009      Revised jury charges      2.0

                              ___

                         Total billed jury charges      11.7

                         Acceptable hours billed      - 2.0

                              ____

|   |   | Excessive hours billed - jury charges | **9.7** hours |
|---|---|---|---|

\* Time billed for Fee Petition
- 10/2/2009   Prepared hours, fee petition & affidavits   3
- 10/03/2009   Revised Motion, Time and Affidavits   5

|   | Total billed fee petition | 8 |
|---|---|---|
|   | Acceptable hours billed | -3 |

|   | Excessive hours billed - fee petition | **5** hours |
|---|---|---|

**AGGREGATE TOTAL EXCLUDED HOURS (PENICK)**   **27.6** hours

In determining the reasonable number of hours, the court should also deduct time spent on unsuccessful claims, unless those claims and the successful ones share "a common core of facts or . . . related legal theories" that make division of hours on a claim-by-claim basis impractical. *Hensley,* 461 U.S. at 435. Where the lawsuit presents "distinctly different claims for relief that are based on different facts and legal theories. . ., work on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved.'" *Id.* (quoting *Davis v. County of Los Angeles*, 8 E.P.D. ¶ 9444, at 5049 (C.D. Cal. 1974)). Because Congress intended to limit awards to prevailing parties, the law treats these discrete, unsuccessful claims as if they had been brought in separately-filed cases, and awards no fees for work on them. *Id.* The petitioner "should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." *Id.* at 437.

In the instant case, Plaintiffs' Complaint contained three counts: Count One - asserting that Defendant Bell violated Plaintiffs' Constitutional rights to be free from the use of excessive force, to be free from seizure without probable cause, and to be free from deprivation of property rights without due process of law, brought pursuant to § 1983; Count Two - asserting that

Defendants Nunn and the City of Birmingham committed negligence in hiring, training, supervision, and retention of Defendant Bell; and Count Three - asserting that Defendant Bell committed assault and battery against Plaintiffs. In July of 2009, the court granted summary judgment as to Count Two, dismissing that count and Defendants Nunn and the City of Birmingham as party Defendants; counsel filed no response to the motion for summary judgment. Prior to the trial in September of 2009, the court also dismissed claims against Defendant Bell in his official capacity and dismissed Plaintiff Wilson's claim of assault and battery in Count Three. The jury found against Plaintiff Woods and in favor of Defendant Bell on the assault and battery claim. Thus, Plaintiffs were successful on only one of the three counts asserted in the Complaint.

The court finds that the claims asserted in Count Two are discrete and separate from the successful claims asserted in Count One. The Count Two claims were not asserted against Defendant Bell but against Defendants Nunn and the City of Birmingham. Further, the facts and law surrounding a claim for negligent training/hiring/supervision/retention are different from those surrounding the claims in Count One, which focus specifically on the shooting that occurred on August 15, 2005. However, the court has already subtracted all time specifically related to the motion for summary judgment, which is the only time recorded that relates only to Count Two. Nevertheless, the court finds that some of the time recorded for drafting the Complaint (4 hours) and time recorded for preparing for and taking the deposition of Defendant Nunn (7.5 hours) should be attributed to Count Two, and subtracts an additional **5** hours from that time.

The court finds that the assault and battery claim in Count Three shares a common core of

facts and related legal theories with those in the successful Count One, and thus, dividing out the hours spent on Count Three claims would be impractical.

Therefore, the court finds that Mr. Penick's total hours should be reduced by the sum of hours improperly billed (27.6) plus hours attributed to unsuccessful claims (5) totaling 32.6 hours. When the court subtracts 32.6 hours from Mr. Penick's total requested hours of 178 hours, the result is 145.4 hours, and the court finds that Mr. Penick reasonably expended 145.4 hours in the prosecution of this case.

*2. Ms. Young's Hours*

Ms. Young has attached time records totaling 15.20 hours of work on this case. Her records includes 14.10 hours for "Trial." Ms. Young was not an attorney of record in this case, did not attend the pretrial conference, and did not participate in opening or closing arguments or the examination of witnesses. Therefore, the court finds in its discretion that 14.10 of Ms. Young's hours were not reasonably necessary and reduces her hours accordingly.

As a result of these adjustments, the lodestar calculations are as follows:

    Penick: 145.4 hours x $250 = $36,350.00

    Young:   1.1 hours x $150 = $     165.00

                    TOTAL   = $36,515.00

Although the petition also seeks attorney's fees and costs incurred by Plaintiffs' former counsel R. Steven Baker, the petition includes no information about those fees and costs, and therefore, the court does not award any amount for them.

### C.  Adjustments to the Lodestar

The court must next determine whether to adjust the loadstar figure. "The Supreme Court

has instructed us that there is a 'strong presumption' that the lodestar figure, without any adjustment, is the reasonable fee award." *Kenny A. ex. rel. Winn v. Perdue*, 532 F.3d 1209, 1220 (11th Cir. 2008) (citing *Burlington v. Dague*, 505 U.S. 557, 562 (1992)). However, the Court has also acknowledged that, in some cases, the initial calculation of the lodestar "does not end the inquiry." *Hensley*, 461 U.S. at 434. In the process of determining the lodestar figure and whether it should be adjusted, the court is guided by the factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1] The twelve factors read as follows:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10 the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F.2d at 717-19. Many of the *Johnson* factors "are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Id.* at 434 n. 9. Upward adjustments of lodestar figures only occur in "'rare' and 'exceptional' cases." *Pennsylvania v. Delaware Valley Citizens' Council for Clear Air*, 478 U.S. 546, 565 (1986). The "most critical factor" to take into account at this stage is the "degree of success obtained." *Hensley*, 461 U.S. at 436. Where a petitioner has succeeded on only some of his claims for relief, fees based on the initial lodestar calculation may represent an excessive amount. *Id.* The court is accorded

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

discretion in making the determination of how much to adjust, or whether to adjust at all, and "no precise rule or formula" exists for the court to follow. *Id.* at 436-37.

In the instant case, the court notes that although Plaintiffs did prevail on one of the three counts asserted in the Complaint, the amount of the verdict was considerably less than the amount of damages that Plaintiffs asserted. Further, the court has considered the history of the prosecution of this case. However, the court already took into account the manner in which counsel conducted this case in determining the initial calculations of reasonable hours expended and reasonable hourly rates. Accordingly, having considered these matters and the *Johnson* factors, the court finds in its discretion that no further adjustment is needed. The lodestar figure as reduced to $36,515.00 is the reasonable fee award.

Contemporaneously with this Memorandum Opinion, the court will enter a separate Order GRANTING IN PART and DENYING IN PART the motions for attorney's fees and costs; it finds the motions are due to be granted to the extent that they request attorneys' fees up to $36,515.00 but finds the motions are due to be denied to the extent that they request attorneys' fees exceeding that amount.

## Motion for Costs

Plaintiffs' motions also request costs. However, Plaintiffs' counsel failed to submit costs on AO Form 133, as required, and failed to comply fully with 28 U.S.C. §§ 1920 and 1924. Accordingly, the court finds that the motions for costs are due to be DENIED as noncompliant.

Dated this 11th of January, 2010.

*Karon O. Bowdre*
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE